﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 191205-48899
DATE: January 31, 2020

REMANDED

Whether new and relevant evidence has been received to readjudicate a claim of entitlement to service connection for asbestosis is remanded.

Whether new and relevant evidence has been received to reopen a claim of entitlement to service connection for chronic obstructive pulmonary disease (COPD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1953 to August 1957.

In July 2019, the Agency of Original Jurisdiction (AOJ) denied entitlement to service connection for asbestosis and COPD. In October 2019, the Veteran filed a Supplemental Claim for both issues; however, in the November 2019 AMA rating decision on appeal, the AOJ found that new and relevant evidence was not received to warrant readjudication of the claims of entitlement to service connection for asbestosis or COPD. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

1. Whether new and relevant evidence has been received to readjudicate a claim of entitlement to service connection for asbestosis is remanded.

2. Whether new and relevant evidence has been received to reopen a claim of entitlement to service connection for chronic obstructive pulmonary disease (COPD) is remanded.

The issues on appeal are remanded to correct a duty to assist error that occurred prior to the July 2019 AMA rating decision. 

Specifically, the Veteran was afforded a VA Respiratory examination in June 2019 and, after examination of the Veteran and review of the claims file, the VA examiner diagnosed the Veteran with COPD and stated that, based upon recent chest x-ray studies, there was no evidence of asbestosis. Notably, the examiner stated that the x-ray reports were pending “B reader” interpretation for review and that an updated diagnosis or comment would be rendered as needed upon review of the findings. An updated diagnosis or comment was not provided. Nevertheless, the VA examiner again noted there was no pathology to render a diagnosis of asbestosis at that time and stated that it is less likely than not that the claimed asbestosis was incurred in or caused by service. 

This opinion is inadequate for the following reasons. 

First, with respect to the asbestosis claim, there remains a question as to whether the examiner’s opinion regarding the lack of pathology to render a diagnosis of asbestosis is accurate. As noted, an updated diagnosis or comment from the secondary reader was not provided and the examiner did not address the private medical evidence of record that shows the Veteran has a history of asbestosis and has been diagnosed with asbestos pneumoconiosis. See December 2016 chest x-ray study and January 2017 treatment record. In this regard, the Board notes that, while asbestosis may have not been reflected on the x-ray report conducted in 2019, the evidence of asbestosis and asbestos pneumoconiosis in 2016 and 2017 may be sufficient to be considered a current disability. Indeed, the requirement of a current disability is satisfied when the Veteran has a disability at the time he files his service connection claim, during the pendency of that claim, or just prior to the filing of a claim, even if the disability resolves prior to adjudication of the claim. See, e.g., Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). 

Because it is not clear if the asbestosis diagnosis and opinion is based on all relevant facts in this case, a remand based on this pre-decisional duty to assist error is warranted to obtain an adequate medical opinion as to the etiology of the Veteran’s claimed asbestosis, to include asbestos pneumoconiosis. 

With respect to the COPD claim, while the VA examiner rendered a diagnosis of COPD, he did not provide a nexus opinion regarding the likely etiology of the Veteran’s COPD but, instead, only addressed asbestosis. Therefore, a remand based on this pre-decisional duty to assist error is warranted to obtain a medical opinion that addresses the etiology of the Veteran’s COPD. 

The matters are REMANDED for the following action:

1. Obtain an opinion regarding the Veteran’s claimed asbestosis and COPD disabilities. Following a review of the complete record, the examiner is asked to address the following:

a. Is it as likely as not (i.e., probability of 50 percent or higher) that the Veteran’s COPD is related to his military service, to include his acknowledged exposure to asbestos?

b. Is it as likely as not that the Veteran has manifested asbestosis, or any other asbestosis-related respiratory disability, such as asbestos pneumoconiosis, during or in close proximity to the pendency of this claim, i.e., since February 2019? 

In answering the foregoing, the examiner must consider and address the December 2016 chest x-ray studies and January 2017 private treatment record, as well as the other medical evidence of record. 

c. Then, for asbestosis or any asbestos-related disability identified, it is as likely as not (i.e., probability of 50 percent or higher) that such is related to the Veteran’s military service, to include the Veteran’s acknowledged exposure to asbestos?

In answering each of the foregoing questions, the examiner should consider the lay and medical evidence of record, as well as the articles submitted by the Veteran in support of his claim.

A complete rationale must be provided for each opinion offered. 

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Turnipseed, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.